Opinion
 

 TODD, J.
 

 San Diego Police Officers Association (POA) and Harold Goudarzi appeal a judgment for the City of San Diego (City) on the grounds it
 
 *1739
 
 was error to conclude an underlying action (the Loche action), against Goudarzi and the City, did not arise out of an act or omission in the scope of Goudarzi’s employment as a police officer, within the meaning of Government Code
 
 [1]
 
 section 996.4.
 

 Factual and Procedural Background
 

 Goudarzi, a sergeant with the San Diego Police Department (Department) working on the homicide task force investigating serial murders, met Denise Loche when she phoned the Department to give information concerning an investigation. Loche became an informal citizen informant working directly under Goudarzi. A personal relationship also developed. Prior to October 13, 1990, the two had sex on three or four occasions at Goudarzi’s condominium, always while Goudarzi was off duty.
 

 Loche claimed that following a period of intimidation and coercion, Goudarzi performed acts of sexual battery upon her person on October 13, 1990. She filed a complaint against Goudarzi and the City alleging six causes of action: (1) battery; (2) civil rape; (3) rape by fear and fraud; (4) civil assault with the intent to commit rape and administering stupefying drugs with the intent to commit a felony; (5) negligence
 
 [2]
 
 ; and (6) punitive damages.
 

 Goudarzi formally requested the City to defend him pursuant to section 995.
 
 [3]
 
 The City refused to provide this defense citing section 995.2, subdivision (a)(1) and (2).
 
 [4]
 
 The POA provided Goudarzi’s defense.
 

 
 *1740
 
 Only the battery cause of action survived nonsuit motions. In the underlying action the jury rendered a general verdict
 
 [5]
 
 that no battery was committed.
 
 [6]
 
 The question of course and scope of employment was never reached.
 

 Goudarzi and the POA brought this declaratory relief action under section 996.4 to recover their costs incurred defending the Loche action. Section 996.4 provides:
 

 “If after request a public entity fails or refuses to provide an employee or former employee with a defense against a civil action or proceeding brought against him and the employee retains his own counsel to defend the action or proceeding, he is entitled to recover from the public entity such reasonable attorney’s fees, costs and expenses as are necessarily incurred by him in defending the action or proceeding if the
 
 action or proceeding arose out of an act or omission in the scope of his employment
 
 as an employee of the public entity, but he is not entitled to such reimbursement if the public entity
 
 *1741
 
 establishes (a) that he acted or failed to act because of actual fraud, corruption or malice, or (b) that the action or proceeding is one described in Section 995.4.
 

 “Nothing in this section shall be construed to deprive an employee or former employee of the right to petition for a writ of mandate to compel the public entity or the governing body or an employee thereof to perform the duties imposed by this part.” (Italics added.)
 

 During the bench trial, the court stated: “Just a second, counsel. The Court is taking Judicial Notice of the record below. I told you that at the outset. You could rehash this if you want to, but I heard that and recall that and I base my decision upon that entirely.”
 
 [7]
 

 No transcript was ever prepared of the testimony adduced in the Loche jury trial.
 

 Goudarzi, the only witness called in this action, testified he was on vacation from October 1, 1990, through October 26, 1990, did not have his City car, but was subject to being called in at any time. He believed all his sexual encounters with Loche were strictly personal business and had nothing to do with his employment with the City. Every time Goudarzi had sex with Loche it was at Goudarzi’s condominium while off duty. Goudarzi never threatened Loche.
 

 After the POA and Goudarzi rested, the City moved for a nonsuit. The motion was taken under submission. After the City rested, the court found Goudarzi was not acting within the “course and scope” of his employment on October 13, 1990, and entered judgment for the City.
 

 Discussion
 

 I
 

 The City contends POA lacks standing, but cites no authority for their conclusion. Having paid for Goudarzi’s defense in the Loche action, POA is the real party in interest here. We assume, without deciding, POA has standing.
 

 II
 

 The central issue is whether the Loche action arose out of an act or omission in the scope of Goudarzi’s employment as a police officer within the meaning of section 996.4.
 

 
 *1742
 
 Ordinarily, scope of employment is a factual question. When the operable facts are undisputed, it becomes a question of law.
 
 (Mary M.
 
 v.
 
 City of Los Angeles
 
 (1991) 54 Cal.3d 202, 213 [285 Cal.Rptr. 99, 814 P.2d 1341];
 
 White
 
 v.
 
 County of Orange
 
 (1985) 166 Cal.App.3d 566, 570 [212 Cal.Rptr. 493].) Here, the facts in our limited record are undisputed. We therefore apply a de novo review.
 

 In
 
 Alma W.
 
 v.
 
 Oakland Unified School Dist.
 
 (1981) 123 Cal.App.3d 133, 139 [176 Cal.Rptr. 287], the court, quoting
 
 Clark Equipment Co.
 
 v.
 
 Wheat
 
 (1979) 92 Cal.App.3d 503, 520 [154 Cal.Rptr. 874], stated: “ ‘The determination as to whether an employee committed a tort during the course of his employment turns on whether or not: 1) the act performed was either required or ‘incident to his duties,’ or 2) the employee’s misconduct could be reasonably foreseen by the employer in any event. . . .’ . . .” (Citations deleted.)
 

 This test was applied in
 
 White
 
 v.
 
 County of Orange, supra,
 
 166 Cal.App.3d 566, 571. In
 
 White,
 
 Loudermilk, a deputy sheriff, while on duty, in uniform, driving a marked patrol unit, stopped an automobile driven by White. Loudermilk placed White in his car and drove her around for several hours in secluded areas, all the while threatening her with rape and murder. The County of Orange moved for summary judgment claiming Loudermilk’s actions were beyond the scope of employment as a matter of law. The motion was granted by the trial court.
 

 The Court of Appeal reversed, noting:
 

 “Our decision turns on the interpretation of the term ‘incident to his duties.’
 

 “A police officer is entrusted with a great deal of authority. This authority distinguishes the situation here from the facts of
 
 Alma W.
 
 Unlike a school custodian, the police officer carries the authority of the law with him into the community. The officer is supplied with a conspicuous automobile, a badge and a gun to ensure immediate compliance with his directions. The officer’s method of dealing with this authority is certainly incidental to his duties; indeed, it is an integral part of them. Here, unlike
 
 Alma W.,
 
 the wrongful acts flowed from the very exercise of this authority.
 

 “It follows that the employer/govemment must be responsible for acts done during the exercise of this authority. In
 
 Clark Equipment Co.
 
 v.
 
 Wheat
 
 (1979) 92 Cal.App.3d 503 [154 Cal.Rptr. 874], the court, quoting the Restatement Second of Agency, stated: ‘If the principal places the agent in a
 
 *1743
 
 position to defraud, and the third person relies upon his apparent authority to make the representations, the principal is liable even though the agent was acting for his own purposes [citations]. The theory is that the agent[’s] position facilitates the consummation of the fraud, in that from the point of view of the third person the transaction seems regular on its face and the agent appears to be acting in the ordinary course of the business confided to him. It is immaterial that the principal receives no benefits from the transaction. [Citation.]’
 
 {Clark, supra,
 
 92 Cal.App.3d 503, 521, italics deleted.)” (166 Cal.App.3d at p. 571.)
 

 A similar result was reached by the California Supreme Court in
 
 Mary M.
 
 v.
 
 City of Los Angeles, supra,
 
 54 Cal.3d 202. There, Sergeant Schroyer, an on-duty, uniformed police officer driving a marked patrol car, stopped Mary, who was driving home alone. After she failed a field sobriety test, Schroyer drove Mary to her home where he raped her. Schroyer threatened to take Mary to jail if she resisted. The court reasoned the police officer was in a unique position of authority. When he committed a sexual assault through misuse of his authority, the public employer must be held accountable.
 
 {Id.
 
 at p. 221.) Even tortious conduct that violates an employee’s official duties or disregards the employer’s express orders can be within the scope of employment.
 
 {Id.
 
 at p. 209.)
 

 Justice Baxter, concurring in the judgment but not in the court’s reasoning, notes the same rationale could apply equally to an off-duty, nonuniformed police officer who misuses official authority to commit misconduct. (54 Cal.3d at p. 241.)
 

 However, when an employee substantially deviates from his duties for personal purposes, the employee is not acting within the scope of employment. (54 Cal.3d at pp. 218-219.) Whether an employee substantially deviated, and, therefore, acted outside the scope of employment, requires an inquiry into whether the wrongful act was committed in the course of a series of acts of the agent which were authorized by the principal, not whether the act itself was authorized. The employee’s conduct must be viewed as a whole.
 
 {Perez
 
 v.
 
 Van Groningen & Sons, Inc.
 
 (1986) 41 Cal.3d 962, 970 [227 Cal.Rptr. 106, 719 P.2d 676];
 
 Mary M.
 
 v.
 
 City of Los Angeles, supra,
 
 54 Cal.3d at pp. 218-219.)
 

 The
 
 Mary M.
 
 court reasoned Schroyer was acting within the scope of his employment when he detained Mary, had her perform a field sobriety test, and when he ordered her into his police car. Schroyer then misused his official authority by raping Mary and threatening to take her to jail if she
 
 *1744
 
 resisted. The court viewed the transaction as a whole in concluding the officer was acting within the scope of his employment when he raped Mary. (54 Cal.3d at p. 219.)
 

 Goudarzi was not in the course of a series of authorized or official acts on the night in question, and we have no evidence of any misuse of official authority. Goudarzi was on vacation, at home, having sex with Loche on October 13, 1994. The only connections between the facts and Goudarzi’s employment were that Loche was an informal informant and Goudarzi was a vacationing police officer subject to being called to duty. These circumstances do not bring their sex acts within the scope of Goudarzi’s employment. We have no evidence Goudarzi misused his official authority to coerce Loche into their sexual relationship. Goudarzi, the only witness, testified he never threatened Loche and that their sex had nothing whatsoever to do with his employment as a police officer.
 

 POA and Goudarzi argue we should not focus only on the events of October 13. The alleged prior threats are the acts which would have made the sex wrongful. While this could be true, we have no evidence of any threats. POA and Goudarzi chose not to include a transcript of the testimony in the Loche action in the record. The allegations in Loche’s verified complaint are not evidence and afford no proof acts occurred within the scope of Goudarzi’s employment. Evidence Code section 140 provides: “ ‘Evidence’ means testimony, writings, material objects, or other things presented to the senses that are
 
 offered to prove the existence or nonexistence of a fact.”
 
 Loche’s verified complaint was never offered into evidence to prove the existence or nonexistence of any facts. Pleadings are merely formal allegations. (Code Civ. Proc., § 420.)
 
 [8]
 

 POA and Goudarzi reason once the jury found against Loche, there was no basis left for a determination whether Goudarzi was acting within the scope of his employment. They maintain it is impossible to prove acts occurred within the scope of Goudarzi’s employment in the face of the finding of no misconduct. Because of this alleged paradox, they invite us to interject insurance law concepts on the duty to defend into the statutory scheme. We are asked to determine the scope of employment issue based upon the allegations in the Loche complaint. No authority is cited for this method of implementing section 996.4, and we decline the invitation for such innovation. This court previously held the Government Code provides an adequate framework for the protection of an officer’s defense interests when an issue
 
 *1745
 
 exists as to whether an officer was acting within the course and scope of his employment.
 
 (Laws
 
 v.
 
 County of San Diego
 
 (1990) 219 Cal.App.3d 189, 199-200 [267 Cal.Rptr. 921].) We reaffirm that holding.
 

 In a January 2, 1963, report, the California Law Revision Commission, proposing adoption of section 996.4, stated: “A second remedy should, therefore, be available to the defendant when the public entity fails or refuses to defend him: He should be given a cause of action against the public entity to recover the reasonable expenses he necessarily incurs in defending the action or proceeding
 
 if he establishes that the act or omission occurred in the scope of his public employment
 
 and the public entity fails to establish that he was guilty of actual fraud, corruption or actual malice.”[
 
 9
 
 ] (Recommendation Relating to Sovereign Immunity, No. 4, Defense of Public Employees (Jan. 1963) 4 Cal. Law Revision Com. Rep. (1963) pp. 1305, 1308, italics added, fn. deleted.) The California Law Revision Commission’s use of the word “occurred” indicates it envisions actual occurrences in the scope of public employment, not mere allegations of such occurrences. The commission was also aware of the potential availability of civil remedies such as malicious prosecution when unfounded proceedings are brought against public personnel.
 
 (Id.
 
 at p. 1309.)
 

 Section 996.4 simply provides no remedy for an officer who is sued for acts which, although alleged to be, were not within the scope of the officer’s employment. Any desire for modification of section 996.4 should be directed to tiie Legislature.
 

 Disposition
 

 Affirmed.
 

 Kremer, P. J., and Benke, J., concurred.
 

 [1]
 

 All statutory references are to the Government Code unless otherwise specified.
 

 [2]
 

 The negligence cause of action was against the City only. The City was also sued on a respondeat superior theory, alleging vicarious liability for acts within the course and scope of employment.
 

 [3]
 

 Section 995 provides:
 

 “Except as otherwise provided in Sections 995.2 and 995.4, upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity. “For the purposes of this part, a cross-action, counterclaim or cross-complaint against an employee or former employee shall be deemed to be a civil action or proceeding brought against him.”
 

 [4]
 

 Section 995.2 provides:
 

 “(a) A public entity may refuse to provide for the defense of a civil action or proceeding brought against an employee or former employee if the public entity determines any of the following:
 

 “(1) The act or omission was not within the scope of his or her employment.
 

 “(2) He or she acted or failed to act because of actual fraud, corruption, or actual malice.
 

 “(3) The defense of the action or proceeding by the public entity would create a specific conflict of interest between the public entity and the employee or former employee. For the
 
 *1740
 
 purposes of this section, ‘specific conflict of interest’ means a conflict of interest or an adverse or pecuniary interest, as specified by statute or by a rule or regulation of the public entity.
 

 “(b) If an employee or former employee requests in writing that the public entity, through its designated legal counsel, provide for a defense, the public entity shall, within 20 days, inform the employee or former employee whether it will or will not provide a defense, and the reason for the refusal to provide a defense.
 

 “(c) If an actual and specific conflict of interest becomes apparent subsequent to the 20-day period following the employee’s written request for defense, nothing herein shall prevent the public entity from refusing to provide further defense to the employee. The public entity shall inform the employee of the reason for the refusal to provide further defense.”
 

 [5]
 

 The form sent to the jury is titled “special verdict.” It, however, calls for a general verdict on the battery cause of action. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, §§ 319-320, pp. 320-321.)
 

 [6]
 

 The actual wording on the “special verdict” form is:
 

 “We, the jury in the above-entitled action, find the following Special Verdict on the questions submitted to us:
 

 “Question No. 1: Did defendant Hal Goudarzi commit a battery or sexual battery on the person of Denise Loche on October 13, 1990?
 

 “Answer ‘yes’ or ‘no.’
 

 “Answer:
 
 No.
 

 “If the answer to Question No. 1 is ‘yes’ continue to Question No. 2. If the answer to Question No. 1 is ‘no,’ please sign and return the verdict.
 

 “Question No. 2: Was Hal Goudarzi acting in the course and scope of his employment with defendant City of San Diego on October 13, 1990, during the time he committed the act alleged above?
 

 “Answer ‘yes’ or ‘no.’
 

 “Answer:__”
 

 (The answer to question No. 1 is written as “No"; question No. 2 is not answered.)
 

 [7]
 

 Judge Hollywood also presided over the trial in the Loche action.
 

 [8]
 

 Code of Civil Procedure section 420 provides: “The pleadings are the formal allegations by the parties of their respective claims and defenses, for the judgment of the court.”
 

 [9]
 

 POA and Goudarzi strenuously maintained during oral argument the absence of a specific provision in section 996.4 allocating the burden of proof to the public employee on the scope of employment issue, unlike section 825.2 which specifically allocates the burden to the public employee, indicates a contrary intention by the Legislature. The underscored language dispels any doubt as to the Legislative intent in this regard.